770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TEDDY WAYNE DINGUS, ET AL., PLAINTIFFS,
RICHARD G. POSTLETHWAITE, BOBBY ALLEN WILLIAMS, PLAINTIFFS-APPELLANTS,
v.
RICHARD CELESTE, GOVERNOR RICHARD P. SEITER, DIRECTOR,
DEFENDANTS-APPELLEES.
 NO. 84-4015
 United States Court of Appeals, Sixth Circuit.
 7/19/85
 
 S.D.Ohio
 DISMISSED
 ORDER
 BEFORE: JONES, CONTIE, and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon the defendants-appellees' motion to dismiss and the plaintiffs-appellants' memorandum in opposition.
 
 
 2
 The plaintiffs-appellants, inmates of the Southern Ohio Correctional Facility at Lucasville, filed a 'petition for certiorari' to this Court, alleging that jurisdiction exists under 28 U.S.C. Sec. 1254, for their appeal from the district court's order of March 1, 1984. The order dismissed their complaint which attacked 'double-celling' at Lucasville as violative of 42 U.S.C. Sec. 1983 and Fourteenth Amendment due process, based upon Rhodes v. Chapman, 452 U.S. 337 (1981), and construction of Ohio's statutes regulating prison operations. The district court subsequently denied reconsideration.
 
 
 3
 The 'petition for certiorari' is a misnomer; this Court has jurisdiction under 28 U.S.C. Sec. 1291, not Sec. 1254, to hear appeals timely filed from the final judgments of district courts. Even liberally construing plaintiffs' petition as a notice of appeal, see Haines v. Kerner, 404 U.S. 519 (1972), it was filed eight months late. Rule 4(a), Federal Rules of Appellate Procedure. The requirement of timely filing of a notice of appeal is both mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Browder v. Director, Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978). Plaintiffs' motion for reconsideration, also filed late, had no time-tolling effect. Rule 59(e), Federal Rules of Civil Procedure; Rule 4(a)(4), Federal Rules of Appellate Procedure. Accordingly, this Court lacks jurisdiction so,
 
 
 4
 It is ORDERED that defendants-appellees' motion to dismiss is granted.